

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,420-01

### EX PARTE TERRELL BUSH, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 14-01-046-CRW-A IN THE 248th DISTRICT COURT
## FROM WILSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of sexual assault and he was sentenced to twenty years' imprisonment on each count.

Applicant contends that his counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal. Applicant also contends counsel was ineffective for erroneously promising him that he could obtain a probated sentence or have the charges reduced and for not

timely filing a motion to withdraw Applicant's plea of guilty in this case.[1]

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make findings of fact and conclusions of law as to whether counsel made erroneous promises to Applicant prior to the entrance of his plea and whether counsel failed to timely file a motion to withdraw Applicant's guilty plea. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

---

[1] The Applicant alleges the motion was denied by the trial court as a result of counsel's delay in filing it.

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed:  July 29, 2015
Do not publish